UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN REYES,

Plaintiff,

-v-

TAMRAK MANAGEMENT INC., et al.,

Defendants.

24-CV-08795 (JAV)

ORDER

JEANNETTE A. VARGAS, United States District Judge:

The Court is in receipt of Plaintiff's motion to compel the depositions of Defendants and eight newly disclosed witnesses in the proposed Pretrial Order submitted by Defendants on September 28, 2026. ECF No. 69. Defendants have since rescinded their designation of the eight newly identified individuals as potential trial witnesses. ECF No. 70. Accordingly, the only remaining issue is whether Plaintiff shall be permitted to depose Defendants prior to the trial scheduled to commence on December 7, 2026.

Fact discovery in this case closed on December 15, 2025. ECF No. 27. "A district court has broad discretion in deciding whether good cause exists to amend the scheduling order and reopen discovery." *Tatintsian v. Vorotyntsev*, No. 1:16-CV-7203-GHW, 2021 WL 780139, at *4 (S.D.N.Y. Jan. 27, 2021). A party seeking to reopen discovery must show that the failure to obtain the needed discovery "was not caused by the party's own lack of diligence." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012). That is, the parties "seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite their diligence." *136 Field Point Circle Holding Co. LLC v. Razinski*, No. 21 Civ. 11076 (JHR), 2024 WL 182131, at *2 (S.D.N.Y. Jan. 17, 2024)

(cleaned up). In determining whether good cause exists to reopen discovery, courts also consider the moving party's explanation for failing to comply with the scheduling order, their diligence in seeking a modification to the schedule, the importance and relevance of the additional discovery sought, whether the party seeking the additional discovery has had an adequate opportunity for discovery, prejudice to the party opposing the request, and the imminence of trial. *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 58 (S.D.N.Y. 2019).

Here, Plaintiff had originally scheduled the deposition of Defendants for December 15, 2025. The parties then agreed to a settlement in principle of this matter on December 12, 2025. The parties advised the Court of the settlement on December 16, 2025. ECF No. 36. Defendants for many months refused to execute the documents memorializing this settlement. *See, e.g.*, ECF No. 42, 44, 47, 49. Defendants then terminated their attorney, ECF No. 51, and after this Court stayed this matter to permit Defendants to obtain new counsel, ECF No. 54, retained their prior counsel to again represent them, ECF No. 56.

Given this record, the Court finds that Plaintiff's failure to depose Defendants was not due to a lack of due diligence, but instead can be attributed to the bad faith conduct of the Defendants. The Court therefore reopens discovery for the limited purpose of permitting Plaintiff to depose Defendants. Defendants shall make themselves available for a deposition by no later than November 10, 2026.

The Clerk of Court is directed to terminate ECF No. 69.

SO ORDERED.

Dated: October 7, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge